**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KAYA TRENEE STATEN,<br><br>    Plaintiff,<br><br>v.<br><br>EVERY CHILD'S HOPE 401(K) PLAN;<br>EVANGELICAL CHILDRENS HOME<br>d/b/a EVERY CHILD'S HOPE; and<br>STANDARD RETIREMENT SERVICES, INC.,<br><br>    Defendants. | Case No. 4:26-cv-1225 |

## COMPLAINT FOR ERISA BENEFITS, ENFORCEMENT OF A QUALIFIED DOMESTIC RELATIONS ORDER, STATUTORY PENALTIES, AND EQUITABLE RELIEF

Plaintiff Kaya Trenee Staten, by and through undersigned counsel, states as follows for her Complaint against Defendants Every Child's Hope 401(k) Plan, Evangelical Childrens Home d/b/a Every Child's Hope, and Standard Retirement Services, Inc.:

## NATURE OF THE ACTION

1. This is a civil enforcement action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq., brought by the alternate payee named in a court-entered qualified domestic relations order concerning the Every Child's Hope 401(k) Plan.

2. On March 30, 2026, the Circuit Court of St. Louis County, Missouri entered a Qualified Domestic Relations Order in Case No. 24SL-DR04979 assigning Plaintiff, as alternate payee, fifty percent (50%) of the vested account balance of participant Franita Lynn Staten attributable to the marital period of December 11, 2016 through December 31, 2025, plus allocable income or losses.

1

3. The order and Plaintiff's completed distribution request were transmitted to the Plan's recordkeeper, Standard Retirement Services, Inc., by facsimile on April 10, 2026. In the more than one hundred days since, Defendants have not acknowledged receipt of the order, have not furnished the Plan's written QDRO procedures, have not issued any determination of the order's qualified status, have not confirmed segregation or protection of the alternate-payee share, and have not processed Plaintiff's distribution request.

4. Defendants likewise ignored a formal written demand, claim for benefits, and request for plan documents delivered by Federal Express on June 12, 2026 (Standard Retirement Services, Inc.) and June 18, 2026 (Every Child's Hope), each delivery being confirmed by FedEx tracking records.

5. Plaintiff seeks the benefits assigned to her, an order compelling compliance with ERISA § 206(d)(3), statutory penalties under ERISA § 502(c)(1), injunctive and other equitable relief protecting the alternate-payee share, attorney's fees and costs under ERISA § 502(g), and prejudgment interest.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

7. Venue is proper in this district under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this district, the breaches alleged herein took place in this district, and one or more Defendants reside or may be found in this district. Divisional venue is proper in the Eastern Division because a substantial part of the events occurred in St. Louis County, Missouri.

## PARTIES

2

8.  Plaintiff Kaya Trenee Staten is an individual residing in St. Louis, Missouri. She is the alternate payee named in the Qualified Domestic Relations Order entered in Case No. 24SL-DR04979 and, as such, is a beneficiary of the Plan within the meaning of ERISA §§ 3(8) and 206(d)(3)(J), 29 U.S.C. §§ 1002(8), 1056(d)(3)(J), with standing to sue under ERISA § 502(a).

9.  Defendant Every Child's Hope 401(k) Plan (the "Plan") is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), established and maintained for the benefit of employees of Evangelical Childrens Home d/b/a Every Child's Hope.

10.  Defendant Evangelical Childrens Home, also written Evangelical Children's Home ("ECH"), is a Missouri benevolent corporation in good standing (Missouri Secretary of State Charter No. B00010426, formed March 23, 1861) doing business under the registered fictitious name "Every Child's Hope" (Fictitious Name Registration No. X001853418, filed September 18, 2025). In that registration, ECH identified its business address as 8240 Saint Charles Rock Road, Saint Louis, Missouri 63114-4508, where it maintains a regular business office. Under Missouri law, benevolent corporations are not required to maintain a registered agent. ECH is the sponsor of the Plan and, on information and belief, is the Plan's administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), either by designation in the plan instrument or by operation of § 3(16)(A)(ii). References in this Complaint to "Every Child's Hope" refer to Evangelical Childrens Home doing business under that registered fictitious name.

11.  Defendant Standard Retirement Services, Inc. ("The Standard") is an Oregon corporation with a principal place of business at 1100 SW Sixth Avenue, Portland, Oregon 97204. The Standard is registered with the Missouri Secretary of State as a foreign for-profit corporation in good standing (Charter No. F01080791, registered August 20, 2010), maintains a registered agent in this district (C T Corporation System, 5661 Telegraph Road, Suite 4B, Saint Louis,

Missouri 63129), and may be found in this district. On information and belief, The Standard serves as the Plan's recordkeeper, third-party administrator, and/or delegated QDRO processor, and holds itself out as the point of receipt for domestic relations orders and distribution requests concerning the Plan, including through its designated "QDRO Processing" facsimile line. The Standard is joined to the extent it exercised or exercises discretionary authority or control respecting management or administration of the Plan or disposition of its assets, ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and as a party whose presence is necessary for complete relief concerning the processing of the order and the distribution of the alternate-payee share.

12. Franita Lynn Staten, the Plan participant, is not named as a defendant. Plaintiff's claims run against the Plan and its fiduciaries and service providers; no relief is sought from the participant in this action.

## FACTUAL ALLEGATIONS

### A. The Qualified Domestic Relations Order

13. Plaintiff and participant Franita Lynn Staten were married on December 11, 2016, and their marriage was dissolved on December 31, 2025.

14. On March 27, 2026, a Commissioner of the Circuit Court of St. Louis County, Division 63, signed a Qualified Domestic Relations Order in Case No. 24SL-DR04979; on March 30, 2026, the order was adopted and confirmed as a judgment of the court and filed.

15. The order identifies the Every Child's Hope 401(K) Plan as the plan to which it applies; identifies Franita Lynn Staten as participant and Plaintiff as alternate payee; and assigns to Plaintiff "50% of the Participant's vested account balance of the marital portion defined as the amount that accumulated in said account from December 11, 2016 to December 31, 2025 plus income or losses

4

allocable on that amount from that date to the date the Alternate Payee's portion is segregated from the Participant's account."

16. The order recites that it is intended to be a qualified domestic relations order as defined in ERISA § 206(d)(3) and Internal Revenue Code § 414(p), contains the identifying information required by § 206(d)(3)(C), contains the savings provisions contemplated by § 206(d)(3)(D), and provides that the court retains jurisdiction to the extent required to establish or maintain its qualified status.

### B. Transmission of the Order and Distribution Request

17. On April 8, 2026, Plaintiff executed The Standard's form "Retirement Plan Distribution Request (NL)" (Form SRS 8504), identifying the Plan, identifying herself as alternate payee under a QDRO, and electing a distribution of $4,000 gross in cash with the remainder of her assigned benefit to be rolled over to an account at Navy Federal Credit Union.

18. On April 10, 2026, at approximately 4:28 p.m. Central Time, Plaintiff's counsel transmitted a fourteen-page facsimile — comprising a cover sheet, the court-entered order, and the completed distribution request — to "The Standard QDRO Processing" at (888) 418-6806, the facsimile number The Standard designates for submission of such requests.

19. The Standard's own form instructions state that questions be directed to its published telephone line and that forms be submitted by the designated fax, mail, or email channels; the transmission complied with those instructions.

### C. Defendants' Silence and Refusal to Communicate

20. Since April 10, 2026, neither The Standard nor ECH nor anyone acting for the Plan has: (a) notified Plaintiff or her counsel of the Plan's receipt of the order; (b) furnished the Plan's written procedures for determining the qualified status of domestic relations orders; (c) issued any

determination that the order is or is not qualified; (d) confirmed that the amounts payable to Plaintiff have been separately accounted for or protected; or (e) processed, approved, denied, or otherwise acted upon Plaintiff's distribution request.

21. Plaintiff has repeatedly contacted The Standard by telephone seeking the status of the order and her distribution. On information and belief, and per Plaintiff's report, The Standard's representatives have refused to provide her any status information and have instead referred her to the participant, notwithstanding that Plaintiff is a beneficiary of the Plan in her own right by operation of ERISA § 206(d)(3)(J).

22. On June 8, 2026, Plaintiff's counsel issued to ECH and The Standard: (a) a Notice of Representation and Request to Update Records, enclosing Plaintiff's signed representative designation and authorizations; and (b) a Formal ERISA/QDRO Demand demanding, by June 15, 2026, written confirmation of receipt, the Plan's written QDRO procedures, the identity of the plan administrator, a statement of The Standard's role, the status of the qualification determination, confirmation of segregation of the alternate-payee share, the status of the distribution request, and production of plan documents, and expressly constituting a claim for benefits and protective administrative appeal to the extent any denial or delay was contended.

23. The June 8 demand expressly requested, in writing, the Plan's written QDRO procedures, the summary plan description, the plan document, the trust agreement, and related instruments under which the Plan is established and operated — documents the plan administrator is obligated to furnish on written request under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

24. The June 8 package was transmitted by email, facsimile, certified mail, and Federal Express. FedEx tracking records confirm delivery to The Standard in Portland, Oregon on June

6

12, 2026 at 10:27 a.m. (Tracking No. 872918993308) and delivery to ECH in Saint Louis, Missouri on June 18, 2026 at 10:02 a.m. (Tracking No. 872918827690).

25.  As of the date of this Complaint, no Defendant has responded to the June 8 demand in any manner. More than thirty days have elapsed since the written request for plan documents was received by each Defendant.

26.  As of the date of this Complaint, one hundred three days have elapsed since the Plan's designated QDRO intake channel received the court-entered order, without any of the notifications, procedures, determinations, or protections that ERISA § 206(d)(3) requires.

27. On information and belief, unless restrained, distributions, loans, withdrawals, or transfers may be taken against the participant's account that would impair or dissipate the share assigned to Plaintiff, and Defendants have refused to confirm that any protection is in place.

28.  Any administrative remedies have been exhausted, are deemed exhausted pursuant to 29 C.F.R. § 2560.503-1(l) by reason of Defendants' failure to establish or follow reasonable claims procedures and their complete failure to respond, and/or resort to further administrative process would be futile.

## COUNT I

### Enforcement of Rights and Recovery of Benefits — ERISA § 502(a)(1)(B) (Against All Defendants)

29.  Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

30.  The order entered March 30, 2026 is a qualified domestic relations order within the meaning of ERISA § 206(d)(3)(B); it creates and recognizes Plaintiff's right to receive a portion of the participant's benefits under the Plan and specifies the information and terms required by § 206(d)(3)(C) and (D).

31. As alternate payee under a QDRO, Plaintiff is a beneficiary of the Plan, ERISA § 206(d)(3)(J), entitled under § 502(a)(1)(B) to recover benefits due to her under the terms of the Plan and the order, to enforce her rights, and to clarify her rights to future benefits.

32. Defendants have failed and refused to determine the qualified status of the order, to process Plaintiff's distribution request, and to pay Plaintiff the benefits assigned to her.

33. Plaintiff is entitled to a judgment declaring the order qualified (or, in the alternative, ordering the plan administrator to render a determination forthwith and to identify with specificity any asserted deficiency), enforcing her rights under the order and the Plan, and awarding her the assigned benefit — fifty percent of the vested marital-period account balance plus allocable income or losses — together with prejudgment interest.

## COUNT II

**Equitable Relief for Violations of ERISA § 206(d)(3) and Breach of Fiduciary Duty — ERISA § 502(a)(3) (Against All Defendants)**

34. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

35. ERISA § 206(d)(3)(G)(i)(I) required the plan administrator, promptly upon receipt of the order, to notify the participant and Plaintiff of its receipt and of the Plan's procedures for determining qualified status. No such notice has ever been given.

36. ERISA § 206(d)(3)(G)(i)(II) required a determination of qualified status within a reasonable period after receipt. More than three months of complete silence on a stipulated, court-entered order is not a reasonable period.

37. ERISA § 206(d)(3)(G)(ii) required the Plan to establish and maintain reasonable written QDRO procedures, including provision for a designated representative of the alternate payee to receive notices. Despite two written requests, no procedures have been produced, and Defendants have refused to communicate with Plaintiff or her designated representative.

38. ERISA § 206(d)(3)(H) required the plan administrator, during the period in which qualified status is being determined, to separately account for and protect the amounts that would be payable to Plaintiff. Defendants have refused to confirm that any such segregation or protection exists.

39. In administering the Plan as alleged, Defendants who are fiduciaries failed to act prudently, loyally, and in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(A), (B), and (D).

40. Plaintiff has no adequate remedy at law for the ongoing failure to determine, segregate, and protect her share, and is entitled under § 502(a)(3) to appropriate equitable relief, including: an injunction compelling the plan administrator to issue a written qualification determination by a date certain; an order compelling separate accounting and protection of the alternate-payee share retroactive to April 10, 2026; an injunction prohibiting any distribution, loan, withdrawal, or transfer from the participant's account that would impair the alternate-payee share pending final determination and payment; an accounting of all transactions in the account since April 10, 2026; and production of the Plan's written QDRO procedures.

## COUNT III

**Statutory Penalties for Failure to Furnish Plan Documents — ERISA §§ 104(b)(4), 502(c)(1) (Against the Plan Administrator)**

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. By written request delivered June 12, 2026 (The Standard) and June 18, 2026 (ECH), Plaintiff, a beneficiary, requested copies of the summary plan description, the plan document, the trust agreement, the Plan's written QDRO procedures, and related instruments under which the Plan is established and operated.

9

43. ERISA § 104(b)(4) obligated the plan administrator to furnish the requested documents within thirty days. The administrator furnished nothing.

44. Under ERISA § 502(c)(1) and 29 C.F.R. § 2575.502c-1, the plan administrator is personally liable, in the Court's discretion, for up to $110 per day, beginning on the thirty-first day after the request, for each day of continuing noncompliance, together with such other relief as the Court deems proper.

45. Plaintiff is entitled to an award of statutory penalties from July 19, 2026 (or such earlier date as the Court finds the thirty-day period expired) through the date of full compliance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kaya Trenee Staten respectfully requests that this Court enter judgment in her favor and against Defendants, and award the following relief: (a) a declaration that the March 30, 2026 order is a qualified domestic relations order, or in the alternative an order compelling the plan administrator to issue a written qualification determination within five days; (b) judgment for the benefits assigned to Plaintiff under the order — fifty percent of the participant's vested account balance attributable to December 11, 2016 through December 31, 2025, plus allocable income or losses through segregation — and an order directing payment consistent with Plaintiff's distribution election; (c) an injunction requiring segregation, separate accounting, and protection of the alternate-payee share, and prohibiting any distribution, loan, withdrawal, or transfer impairing that share pending payment; (d) an accounting of all activity in the participant's account from April 10, 2026 forward; (e) statutory penalties under ERISA § 502(c)(1) of up to $110 per day against the plan administrator; (f) attorney's fees and costs under ERISA § 502(g)(1); (g) prejudgment and postjudgment interest; and (h) such other and further relief as the Court deems just and proper.

10

Dated: July 22, 2026

Respectfully submitted,

**PEARSON LAW, LLC**

*/s/ Chiya C. Lloyd*
Chiya C. Lloyd, Esq., Mo. Bar #66456
605 SW US 40 Highway, #447
Blue Springs, MO 64014
Telephone: (816) 866-9700
Facsimile: (816) 900-0331
cclloyd@pearsonlawkc.com

*Attorney for Plaintiff Kaya Trenee Staten*